ALFRED R. KRETZSCHMAR *vs.* CLAIRE BOISJOLIE & another.

Hampden.    September 25, 1957. — November 13, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Law of the Road.    Motor Vehicle,* Operation.

At the trial of an action arising out of a collision occurring in 1952 between the plaintiff's automobile and the defendant's automobile at the intersection of a one way street with another street which the plaintiff had approached on the left side of the one way street intending to turn left onto the other street, on which the defendant's automobile had approached the intersection from the plaintiff's left, instructions to the jury that in approaching an intersection "for a left hand turn, the operator shall do so in the line of traffic to the right [of] and nearest to the center line of the roadway and the left turn shall be made by passing to the right of the center line of the entering way" were proper under G. L. (Ter. Ed.) c. 90, § 14, as effective in 1952, and there was no error in failing to charge that the statute did not apply to one way streets.

TORT. Writ in the Superior Court dated May 22, 1953. The action was tried before *O'Brien, J.*

*Henry A. Moran, Jr.,* for the plaintiff.
*William C. Giles, Jr.,* for the defendants.

WILLIAMS, J. This is an action of tort to recover for personal injuries and property damage resulting from a collision of an automobile owned and operated by the plaintiff with an automobile owned by the defendant Eugene J.

Boisjolie and operated by his daughter the defendant Claire Boisjolie. The collision occurred on June 4, 1952, at the intersection of Carew and Chestnut streets in Springfield. The plaintiff was proceeding south on Chestnut Street, which ran north and south and at the time and place was a so called one way street for southbound traffic. He was driving four or five feet from the east side of the street and was intending to turn left into Carew Street which ran east and west and crossed Chestnut Street at approximately a right angle. As he approached Carew Street the traffic light at the intersection changed from red to green. He testified that as he "got to the center of the intersection" the Boisjolie automobile came into the intersection from the east and struck the left front of his automobile. There was evidence on behalf of the defendants that the Boisjolie automobile was proceeding west on Carew Street, stopped when confronted by a red traffic light at Chestnut Street, and when stopped beside a bus at the corner was struck on Carew Street by the plaintiff's automobile which came around the northeast corner of the intersection from Chestnut Street. There were verdicts for the defendants.

The plaintiff excepted to the portion of the judge's charge wherein he stated that in approaching an intersection "for a left hand turn, the operator shall do so in the line of traffic to the right and nearest to the center line of the roadway and the left turn shall be made by passing to the right of the center line of the entering way," and to his refusal on request to charge "that such obligation as charged does not necessitate or does not require the operator of a vehicle on a one way street while he is within the confines of the one way street to stay on the right side of any center line of a one way street."

The charge was in the language of the statute, G. L. (Ter. Ed.) c. 90, § 14, pertaining to so called "left hand turns," as effective in 1952 (see now St. 1957, c. 166). Therein no exception was made in the case of turns from one way streets and no error appears in failing to instruct the jury that the statute did not apply to such streets.

The requested instruction could not have been given for the reason, as pointed out by the judge, that it omitted "the important phrase, when preparing for a left turn."

*Exceptions overruled.*